OPINION *Page 2 
{¶ 1} Defendant Barbara Gill appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, which overruled her objections to the magistrate's decision and entered judgment in accord with the magistrate's decision. Plaintiff-appellee is plaintiff's former husband, Paul Gill. Appellant assigns two errors to the trial court:
 {¶ 2} "I. A) STALE, EXPIRED OR INAPPLICABLE ISSUES ORDERED."
 {¶ 3} "II. B) ABUSE OF DISCRETION POINTS."
 {¶ 4} The record indicates the parties have a daughter who was born June 30, 1999, and the parents were divorced in 2001.
 I II {¶ 5} Appellant's assignments of error are interrelated, and we will address them together. Essentially, appellant challenges the court's decision to gradually phase-in visitation between appellee and the child. She also argues under the circumstances it is inappropriate to permit appellee's relatives to supervise the visits.
 {¶ 6} The court ordered the visits to take place in the residence of appellee's sister and brother-in-law, who would personally supervise the visits. The magistrate found appellee's sister and brother-in-law were appropriate persons to conduct the supervised visits because the brother-in-law is a police detective and the sister is a nurse. The court set up several visits, with the parties' progress to be reviewed in April 2007. The magistrate noted the phased-in parenting times is more conservative than that suggested by the guardian ad litem, but less conservative than the position advocated by the child's counselor. *Page 3 
 {¶ 7} Throughout the case, appellant has maintained appellee has sexually abused the child. The magistrate found no physical evidence was presented suggesting any sexual conduct, activity, or contact as the terms are defined by the Revised Code. The magistrate also found no physical evidence was presented to establish appellee had caused physical harm to the child or had engaged in conduct constituting domestic violence towards the child as defined by the Revised Code. Appellee has unequivocally denied all the allegations, and the magistrate found the evidence did not establish the allegations by a preponderance of the evidence.
 {¶ 8} The magistrate specifically found appellee's overall testimony to be credible. The magistrate found appellant's testimony that she is in favor of appellee having parenting time with the child is not credible.
 {¶ 9} Appellant's allegations of abuse began after appellee filed his complaint for divorce. The magistrate found in spite of her accusations against appellee, appellant voluntarily entered into a shared parenting plan allowing appellee substantial regular unsupervised parenting times with the child. The magistrate found appellant's testimony that she had no option but to enter into the shared parenting plan was not credible. The magistrate also noted appellant allowed appellee to have unlimited telephone contact with the child, and found this is inconsistent with her allegations.
 {¶ 10} The magistrate noted the child was two and one-half years old when she reported appellee had hurt her five months earlier. The magistrate found it was not believable or persuasive that a child on her own, without coaching or preparation by others, would be able to report an incident occurring five months earlier, when she was only two years old. *Page 4 
 {¶ 11} The magistrate found Licking County Children's Services had conducted at least four investigations into the allegations of abuse, and none were substantiated. The most recent investigation indicated a suspicion of possible sexual abuse of the child. Appellee has never been prosecuted for abusing the child, and the guardian ad litem recommended appellee's unsupervised parenting time rights be restored in a phased-in manner.
 {¶ 12} Appellant filed objections, urging the magistrate's decision was against the manifest weight of the evidence presented because it disregarded the recommendations of two experts and followed the guardian ad litem's recommendations instead.
 {¶ 13} The trial court's judgment entry of December 27, 2006 states the court reviewed the objections, the magistrate's decision, the transcript and the response of the appellee. The court stated it gave due consideration to appellant's references to the testimony of the witnesses and parties, and concluded sufficient evidence exists to support the magistrate's findings and recommendations.
 {¶ 14} The Supreme Court has always directed us to apply the abuse of discretion standard when reviewing the propriety of a trial court's determination in a domestic relations case, Booth v. Booth (1989),44 Ohio St. 3d 142, 144. The Supreme Court has defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, Id., citations deleted.
 {¶ 15} This court may not weigh the evidence nor judge the credibility of the witnesses, but rather, must determine whether there is relevant, competent, and credible evidence upon which the finder of fact can base its judgment, In the Matter of *Page 5 Mercedes Jones, Guernsey App. No. 06CA9, 2006-Ohio-3363, citations deleted. If we find the judgment is supported by competent and credible evidence which goes to all the essential elements of the case, we may not reverse as being against the manifest weight of the evidence,CE. Morris v. Foley Construction Company (1978), 54 Ohio St. 2d 279,376 N.E. 2d 578. We must defer to the trial court's decisions regarding the credibility of the witnesses and the weight to be given the evidence, and we may not substitute our judgment for that of the trial court,Seasons Coal Company v. Cleveland (1984), 10 Ohio St. 3d 77,461 N.E. 2d 1273.
 {¶ 16} With the above in mind, we find the common pleas court did not abuse its discretion in implementing a phased-in approach to visitation. In addition, this court cannot find on the record before us the court's choice of persons to supervise the visits was inappropriate. We conclude the trial court did not abuse its discretion.
 {¶ 17} Both of appellant's assignments of error are overruled. *Page 6 
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed.
 Gwin, P.J., Hoffman, J., and Delaney, J., concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed. Costs to appellant. *Page 1